UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUERINO MARIO ANNARUMMA,

                Plaintiff,

           -against-                          22-CV-0432 (LTS)

HOMELAND SECURITY INVESTIGATION,        ORDER
et al.,

                Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at Attica Correctional Facility, filed this action *pro se*. On March 24, 2022, the Court dismissed the complaint and judgment was entered the next day. On April 25, 2022, the Court received Plaintiff's notice of appeal, together with a motion for an extension of time to appeal.[1] (ECF 9-10.) For the following reasons, the Court denies Plaintiff's motion for an extension of time to appeal as unnecessary.

## DISCUSSION

      Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure requires a notice of appeal in a civil case to be filed within 30 days of entry of judgment. *See* Fed. R. App. P. 4(a)(1)(A). If one of the parties is a United States agency, however, a litigant has 60 days from the entry date of the order or judgment he wishes to challenge to file a notice of appeal. Fed. R. App. P. 4(a)(1)(B)(ii). Because Plaintiff sued several United States agencies in this action, he has 60 days from March 25, 2022, to file a timely notice of appeal.

---

[1] On April 29, 2022, the Court transmitted the notice of appeal to the United States Court of Appeals for the Second Circuit.

Plaintiff filed a motion for an extension of time despite the fact that his time to appeal has not yet expired. The Court entered judgment dismissing this action on March 25, 2022, and the Court received the notice of appeal 31 days later on April 25, 2022. Further, under the "prison mailbox rule," the notice of appeal is deemed filed on the date a prisoner gives it to prison officials for mailing. *See, e.g., Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005) (discussing prison-mailbox rule). Plaintiff signed the notice of appeal on April 18, 2022, and the Court assumes that he gave it to prison officials for mailing on the same date. Because Plaintiff's appeal was filed within the 60-day deadline, the Court denies Plaintiff's motion for an extension of time to appeal as unnecessary.

## CONCLUSION

Plaintiff's motion for an extension of time to appeal (ECF 9) is denied as unnecessary.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 2, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge